**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:26-cv-22191-GAYLES**

LUIS ENRIQUE CARVAJAL
BAUTISTA,

  Petitioner,

v.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT ("ICE"), et al.,

  Respondents.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Petitioner Luis Enrique Carvajal Bautista's

Petition for Writ of Habeas Corpus (the "Petition") against Respondents U.S. Immigration and

Customs Enforcement ("ICE"), Attorney General of the United States, and the Warden of Krome

North Service Processing Center (together, "Respondents"). [ECF No. 1]. Petitioner challenges

his detention at the Krome North Service Processing Center in Miami, Florida ("Krome") without

being afforded an individualized bond determination. *See generally id*. Respondents filed a

Response in Opposition to the Petition, [ECF No. 4]. The Court has considered the record, the

parties' written submissions, and applicable law. For the following reasons, the Petition is

**GRANTED IN PART**.

I.  **BACKGROUND**

  A.  **Petitioner's Immigration History in the United States**

Petitioner is a Columbian national. [ECF No. 1]. On November 27, 2022, Petitioner entered

the United States without inspection. *Id*. Upon entry, U.S. Border Patrol agents determined

Petitioner was inadmissible, placed him under arrest, and transferred him to the custody of ICE, Enforcement and Removal Operations ("ICE ERO"). [ECF No. 4-1]. On December 6, 2022, ICE ERO released Petitioner under an Order of Recognizance. [ECF No. 4-3].

On May 6, 2024, Petitioner was issued a Notice to Appear ("NTA") and placed in removal proceedings. [ECF No. 4-4].

On March 26, 2026, ICE agents detained Petitioner in Key Largo, Florida during a raid at Petitioner's place of employment. [ECF No. 1, 4-1]. He was then transferred to Krome.

To date, Petitioner remains in ICE custody at Krome. [ECF No. 1]. Petitioner has no criminal history and has family in Miami, Florida. [ECF No. 1]. Petitioner has an immigration hearing scheduled for April 8, 2026.

### B.      Petitioner's Habeas Petition

On March 31, 2026, Petitioner filed the Petition alleging three counts against Respondents: Violation of INA (Count I); Violation of Bond Regulations (Count II); and Violation of Due Process (Count III). *Id*. Petitioner asks this Court to order that he be provided an individualized bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.* On April 3, 2026, Respondents filed a Response in Opposition to the Petition, arguing that Petitioner is not entitled to an individualized bond hearing because Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2), not § 1226(a). [ECF No. 4].

## II.     LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . ." 28 U.S.C. § 2241(a). "Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). This Court has jurisdiction over challenges involving immigration detention as to whether Petitioner is detained subject to § 1225(b)(2) or § 1226(a). *See, e.g., Puga v. Assistant*

*Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) (holding the Court has jurisdiction to decide whether petitioner is subject to § 1226(a) or § 1225(b)(2)); *Nguyen v. Parra*, No. 25-CV-25325-JB, 2025 WL 3451649, at *2 (S.D. Fla. Dec. 1, 2025) (same).

## III.   ANALYSIS

The core disagreement remaining between Petitioner and Respondents is whether Petitioner is detained under § 1225(b)(2), and is thus ineligible for bond, or § 1226(a), which allows for release on bond. Section 1225(b) governs the inspection of applicants for admission, which is defined in § 1225(a)(1) as "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . ." 8 U.S.C. § 1225. Detention for applicants for admission under § 1225(b)(2) is mandatory and, as such, an applicant for admission is ineligible for bond. *See, e.g., Nguyen*, 2025 WL 3451649, at *3 (citing *Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025)).

In contrast to applicants seeking admission into the United States, "[§ 1226(a)] also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings. . . ." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). Section 1226(a) states that a noncitizen already present in the United States "may be arrested and detained pending a decision on whether the alien is to be removed from the United States" and may be released on bond. 8 U.S.C. § 1226(a)(2). Thus, this statute "establishes a discretionary detention framework," *Gomes,* 2025 WL 1869299, at *2, unlike the mandatory detention framework of § 1225(b)(2). Importantly, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

On July 8, 2025, the DHS issued a notice to all ICE employees, indicating that any noncitizen in the United States who has not been formally admitted or paroled shall be considered an applicant for admission and shall be subject to § 1225(b)(2). *See, e.g., Merino v. Ripa, 2025 WL 2941609, at* \*3 (citing ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission, AILA Doc. No. 25071607 (July 8, 2025)). Following this interpretation, the BIA held in *Matter of Yajure Hurtado* that an immigration judge had no authority to provide a bond hearing to a noncitizen, who had been living in the United States for years without admission or parole, because he is an applicant for admission under § 1225(b)(2), subject to mandatory detention. 29 I&N Dec. 216 (BIA 2025).

District Courts have overwhelmingly rejected the BIA's interpretation. "DHS's interpretation of the applicability of § 1225(b)(2), rather than § 1226, to noncitizens who have resided in the country for years and were already in the United States when apprehended, runs afoul of the statutes' legislative history, plain meaning, and interpretation by courts in the First, Second, Fifth, Sixth, Eighth, and Ninth Circuits."[1] *Merino,* 2025 WL 2941609, at \*3 (citing cases); *see also Puga*, 2025 WL 2938369, at \*2 ("As explained, the statutory text, context, and scheme of section 1225 do not support a finding that a noncitizen is 'seeking admission' when he never sought to do so. Additionally, numerous courts that have examined the interpretation of section 1225 articulated by Respondents — particularly following the BIA's decision in *Matter of Yajure Hurtado* — have rejected their construction and adopted Petitioner's."); *Nguyen*, 2025 WL 3451649, at \*3; *Ardon-Quiroz,* 2025 WL 3451645, at \*7.

---

[1] The Court acknowledges the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which agreed with the government's position here. But that decision "distort[s] the statutory text, abstract[s] it from its context and history, ignore[s] the Supreme Court's clearly stated understanding of the statutory scheme, and wave[s] away the [government's] previous failure to detain millions of noncitizens as if it were a rounding error." *Id.* at 509 (Douglas, J., dissenting). Indeed, the Fifth Circuit's decision "is not binding here, and it contradicts the vast majority of district court opinions addressing the issue." *Lobovillalobos v. Hardin*, No. 2:26-cv-00446, 2026 WL 621380, at \*2 n.1 (M.D. Fla. Mar. 5, 2026).

The Court agrees that the plain reading of the statute supports a finding that Petitioner, who has been living in the United States since 2022, is governed by § 1226(a) and not § 1252(b)(2). Petitioner is therefore entitled to a bond hearing under § 1226(a), and Counts I and II are granted in part. The Court declines to reach the merits of Petitioner's other claims in Count III as the Court is granting in part the relief requested for Counts I and II. *See, e.g.*, *Nguyen*, 2025 WL 3451649, at *4 (declining to reach the merits of the petitioner's due process claim because it granted the requested relief in other counts but allowing the petitioner to reassert its due process claim if the respondents do not provide a bond hearing); *Puga*, 2025 WL 2938369, at *6 (same). If Respondents do not comply with this Order by providing Petitioner a bond hearing under § 1226(a), Petitioner may renew his other claims. Since Counts III is an "unripe claim contingent on Petitioner not receiving a custody determination hearing under section 1226(a), 'the Court must dismiss [them] without prejudice[.]'" *Nguyen*, 2025 WL 3451649, at *4 (citing *Babilla v. Allstate Ins. Co.*, No. 20-cv-1434, 2020 WL 6870610, at *1 (M.D. Fla. Aug. 27, 2020)).

## IV.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

(1)   Petitioner Luis Enrique Carvajal Bautista's Petition for Writ of Habeas Corpus [ECF No. 1], is **GRANTED IN PART**. The Court finds that Petitioner falls under 8 U.S.C. § 1226(a).

(2)   Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) on or before **April 20, 2026**, or otherwise release Petitioner.

(3)   Count III of the Petition is **DISMISSED WITHOUT PREJUDICE**.

(4)      This case is **CLOSED** for administrative purposes.

      **DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of April, 2026.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

6